(40 Misc. Rep. 326.)

## In re DENTON.

(Surrogate's Court, Kings County. March, 1903.)

**1. DECEDENT'S ESTATE—SALE TO PAY DEBTS—CITATION.**

   Proceedings for the sale of decedent's land to pay debts will not be dismissed on the ground that the citation was served by publication, and that eight full days did not elapse between the date of the last publication and the date when the citation was made returnable; Code Civ. Proc. § 441, governing the service of summons, and providing that it is not complete until the day of the last publication, not being applicable to a citation.

**2. Summons—Service by Publication.**
    Code Civ. Proc. § 2524, providing for service by publication, does not
    require such publication to be completed more than eight days before
    the return of the citation, but simply directs that the publication shall
    be completed previous to such return day.

In the matter of the application of Juliet Denton for the sale of the real estate of Henry R. Valentine, deceased. Motion to dismiss proceedings. Denied.

Bailey & Sullivan, for petitioner.

McKenzie & Beebe, for A. M. Valentine.

CHURCH, S. This is a proceeding for the sale of decedent's real estate. An heir at law appears, and moves to dismiss the proceedings on the ground that the citation was served by publication, and that eight full days did not elapse between the date of the last publication and the date when the citation was made returnable. The question raised here appears never to have been raised before, so far as an examination of the public reports will disclose. In the case of the service of a summons and complaint by publication the provisions of Code Civ. Proc. § 441, governing the service of a summons, provide that service of a summons is not deemed complete until the day of the last publication. The heir at law therefore contends that by like reasoning the service of the citation should not be deemed completed until the last day of the publication of the citation, and that, therefore, eight full days should be given after the service is completed; but it seems to me that the objector has overlooked the following distinction between a citation and a summons, namely, that there is no fixed date in advance for the return of a summons, as there is for a citation, but there is a general provision that the party shall have twenty days in which to appear and answer after service, irrespective of whether the service is personal, substituted service, or service by publication. In the case of a citation there is no provision that the party has eight days to appear after the service of the citation; on the contrary, the return day of the citation is fixed before it is issued, and it is then provided by section 2520 of the Code that the service, if personal, must be made at least eight days before the return. Hence it may be, and in fact often is, served a number of days in excess of the eight days required by the Code. This section of the Code also states that service must be made in the above manner, "except where special provision is otherwise made by law." Where it is necessary to make service by publication, it is provided (Code, § 2524) that the service be made by publication in the newspapers not less than once in each of six successive weeks, and also by a deposit in the post office. It will be observed in this latter section that there is no reference whatever to the fact that such publication must be completed more than eight days before the return of said citation, but the direction is simply that the publication shall be completed previous to the return day of the citation. If it was the intention of the Legislature to require that the parties should have the additional time after the last day of service by publication of the citation similar to that given for the

service of a summons, there is no question but that it would have been properly and clearly stated; and, where there is an omission to so specifically indicate, we are not justified in assuming that it has been done by oversight of the Legislature, but, on the contrary, it should be deemed to have been done for a specific intent and purpose. Statutes providing for service of papers and granting jurisdiction to courts should certainly be strictly construed, but such strict construction does not warrant the courts in adding to or amending the specific intent of such legislation. It seems to me, therefore, that the service has been made properly in this proceeding, and that the court has jurisdiction of the same.

The preliminary motion to dismiss is, therefore, overruled. Motion denied.